**BACHRACK BROS., Inc., v. FURST et al.** (three cases).

**Nos. 5765, 5766, 5767.**

Circuit Court of Appeals, Third Circuit.

June 19, 1937.

Bilder, Bilder & Kaufman, of Newark, N. J. (Walter J. Bilder, of Newark, N. J., of counsel), for appellant.

Morris H. Cohn, of Newark, N. J. (George Furst, of Newark, N. J., of counsel), for receiver.

Seymour J. Solomon, of Newark, N. J., for appellee Kantor.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the bankruptcy of B. Kantor, Inc., by the agreement of a majority of its creditors and, with the consent of the referee, John Kantor, in writing, agreed to buy its assets and to pay therefor: (a) All costs of administration; ·(b) taxes, except those on réal estate; (c) all priority claims; (d) the obligations incurred by the receiver and trustee in the operation of the business; and (e) 20 per cent. to all unsecured creditors whose claims have been filed with and allowed by the court.

The bankrupt was the owner of premises on which there was a mortgage owned by the present appellant. The referee to whom the matter was referred construed the writing and heard proof of the attendant facts, and held that John Kantor, the purchaser, did not agree to buy any of the bankrupt's real estate and did not undertake to pay secured creditors. The District Court on hearing appellant's exceptions to the referee's report, sustained the referee, held appellant's claim was not a provable debt, and denied appellant's application to direct the trustee to demand from John Kantor payment of 20 per cent. of the mortgage.

We are of opinion the court committed no error in so holding. The referee who heard the proofs held that when the sale was made, it was understood the real estate of the bankrupt was not included and sold. In that regard he held:

"To require him to pay this amount would be most inequitable. The security in this case has no place in the offer whatsoever. The allowance of this claim insofar as the purchaser of the assets is concerned, would work a most serious injury to the purchaser. No such claim was in contemplation of the parties and could not have been contemplated by them.

"The claimant, Bachrack Bros. Inc., appeared at the meeting to consider the offer, by its attorney, Mr. Chapin and no mention was made at that time of an intention to surrender the security and file a general unsecured claim. An examination of the minutes of the meeting discloses that Mr. Chapin inquired as to whether his mortgage was included in the schedules, and upon being informed that it was so included, his participation in the matter stopped. He at no time voiced any objection to the acceptance of the offer. If the claimant at the meeting to consider the offer had disclosed its intention to surrender the security and file a general unsecured claim, the purchaser of the assets would have been put on notice and he would have had an opportunity either to withdraw the offer or to go through with it on the basis of the inclusion of the claim here involved. The failure on claimant's part to speak at the time this matter came up for consideration, effectively estops it from asserting any claim at this time."

In accordance therewith he directed: "If the claimant will effectively surrender the security to the trustee, the claim will be permitted to stand and to participate in the general assets of the estate, if any, but the purchaser John Kantor will not be required to pay any part of said claim, otherwise the claim will be expunged."

As these' facts and findings warrant the affirmance of the decree, we forego discussion of other contentions, all of which have been duly considered, and limit ourselves to affirming the decree below.